IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MCA VENTURES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TOY HAULER WORLD, INC., and<br>BRANDON M. STORMS,<br><br>    Defendants. | Case No. 15-9122-DDC-GEB |

### MEMORANDUM AND ORDER

This Order stems from plaintiff MCA Ventures, LLC's Response to Order to Show Cause (Doc. 20). The court has reviewed plaintiff's filing and the court concludes that plaintiff's Response addresses adequately the concerns relayed in the Notice and Order to Show Cause (Doc. 19). The Show Cause Order identified two issue areas for plaintiff to address, and plaintiff now has done so. The court explains its conclusion, below.

**I.    Subject Matter Jurisdiction**

The Show Cause Order instructed plaintiff to elaborate about the citizenship of the parties in this lawsuit. *See* Doc. 19 at 2–3. The reason for that Order originated in plaintiff's invoking the court's diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). *See* Doc. 1 at 2 (Compl. ¶ 4). But the Complaint's allegations didn't say enough about the parties' citizenship to assure the court that plaintiff indeed has alleged enough to invoke the court's diversity jurisdiction. Hence, the Show Cause Order directed plaintiff to elaborate on its citizenship allegations. *See* Doc. 19 at 2.

Plaintiff is a limited liability company. *See* Doc. 1 at 2 (Compl. ¶ 1). Defendant Toy Hauler World, Inc. is, too.[1] *See id.* (Compl. ¶ 2). For purposes of the diversity jurisdiction analysis, a limited liability company's citizenship is determined based on the citizenship of its members. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, the court concludes an LLC, as an unincorporated association, takes the citizenship of all its members." (citations omitted)). Also, the Complaint names one individual defendant—Brandon Storms. *See id.* (Compl. ¶ 3). An individual's citizenship turns on his domicile. *See generally* 28 U.S.C. § 1332; *see also Smith v. Cummings*, 445 F.3d 1254, 1259–60 (10th Cir. 2006) (explaining that "[f]or purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile" and "[t]o establish domicile in a particular state, a person must be physically present in the state and intend to remain there"). The concepts of residence and domicile—though related—aren't necessarily interchangeable. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (explaining that an individual "can reside in one place but be domiciled in another" (citations omitted)).

Plaintiff's Response explains that its only member is an individual "who not only resides in Johnson County[,] Kansas, but is domiciled there, insofar as he is both physically present in the state, and intends to remain there." Doc. 20 at 2. Plaintiff thus is a Kansas citizen for purposes of determining diversity jurisdiction. As for defendant Toy Hauler World, the Response avers—based on plaintiff's information and belief—that its only member is the individual defendant in this case, Brandon Storms. *See id.* And plaintiff alleges in the Response

---

[1] Judged solely by the name of this defendant, it would appear that the entity is a corporation. But the Complaint alleges that defendant "Toy Hauler World, Inc., is a domestic limited liability company[.]" Doc. 1 at 2 (Compl. ¶ 2). Plaintiff's Response to Order to Show Cause (Doc. 20) confirms this allegation. *See* Doc. 20 at 2 ("Defendant Toy Hauler World is a domestic limited liability company[.]").

2

that Mr. Storms "not only resides in California, but is domiciled there, insofar as he is both physically present in the state, and intends to remain there." *Id.* at 1.  So, defendant Toy Hauler World is a California citizen for the sake of diversity jurisdiction.  Based on the same information, plaintiff now has reassured the court that the individual defendant in this suit, Mr. Storms, is diverse compared to plaintiff for purposes of diversity jurisdiction.  Plaintiff alleges adequately that Mr. Storms is a California citizen under the governing legal framework for determining diversity jurisdiction.

In sum, plaintiff's Response to Order to Show Cause (Doc. 20) supplies the specific information that's lacking in the Complaint.  So, plaintiff timely has shown good cause why the court should not vacate its earlier Order, *see* Doc. 15, and dismiss this case for lack of subject matter jurisdiction.

## II.     Proof of Service

The Show Cause Order addressed one other issue that's currently "hindering this lawsuit's progress toward completion."  Doc. 19 at 1.  Although the docket in this case shows that the Clerk issued summonses to plaintiff on May 6, 2021, the docket also reveals that the summonses never were returned as executed.  *See id.* at 4.  So, the court directed plaintiff to explain why "plaintiff hasn't shown any proof that defendants actually received" the summonses, "which—in turn—would place defendants on notice of the pending Motion to Revive Judgment (Doc. 17)."  *Id.*

Here again, plaintiff's Response to Order to Show Cause (Doc. 20) answers the court's question.  The Response explains "that the Court correctly surmises that summons have been issued but have not yet been served."  *Id.* at 2–3.  But, plaintiff explains, this discrepancy "is not for lack of effort."  *Id.* at 3.  Rather, plaintiff alleges that it repeatedly has sought to serve the

summonses.  *See id.*  Alas, its efforts haven't yet proven fruitful because the individual defendant—who also is the lone member of the defendant LLC—apparently is a difficult person to locate.  *See id.*

Plaintiff's Response describes its active and ongoing attempts to locate Mr. Storms in order to serve the summonses in this case.  *See id.*  "As such, Plaintiff has issued a second request to the postmaster" to discover current address information for this defendant.  *Id.*  And, these efforts "are in addition to Plaintiff's attempts to locate Defendant Brandon M. Storms through conventional skip-tracing tools, none of which have yet yielded a new confirmed current address."  *Id.*  To make a long story shorter, plaintiff informs the court that it hardly has abandoned its obligations.  The court accepts plaintiff's explanation.  The court nevertheless holds an independent obligation to ensure that dockets are maintained in an efficient manner.  *Cf.* Fed. R. Civ. P. 1.  Accordingly, plaintiff should understand that the court will not allow this case to languish and so, it orders plaintiff to file the Status Report described below.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff has complied with the court's Show Cause Order (Doc. 19) by timely showing good cause in writing why (1) the court shouldn't dismiss this case and vacate its earlier Order (Doc. 15) for lack of subject matter jurisdiction, and (2) why the court shouldn't dismiss this case with prejudice for lack of prosecution under Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED THAT** plaintiff must file a Status Report no later than 30 days after the date of this Order.  This report must advise whether plaintiff has managed to serve the summonses and, if not, identify its efforts to secure service.

IT IS SO ORDERED.

Dated this 12th day of October, 2021, at Kansas City, Kansas.

                                                        s/ Daniel D. Crabtree
                                                       Daniel D. Crabtree
                                                       United States District Judge